United States District Court
Southern District of Texas
FILED
JUL 16 2020
David J. Bradley, Clerk

United States District Court
Southern District of Texas
ENTERED
July 17, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MIGUEL ANGEL VALADEZ, § § | |
| Plaintiff, § | |
| VS. § | MISC. ACTION NO. 7:19-MC-120 |
| § § | |
| HIDALGO COUNTY DISTRICT § ATTORNEY'S OFFICE, *et al.*, § § | |
| Defendants. § § | |

## REPORT AND RECOMMENDATION

Plaintiff Miguel Angel Valadez, proceeding pro se, is attempting to file a federal lawsuit alleging "[c]omplete and serious violations of [his] Civil Rights." (Docket No. 1-2, at 1.) Plaintiff alleges that numerous defendants are conspiring against him to "physically, mentally, [and] physiological[ly] torture" him. (Docket No. 1-1, at 6.) Pending is his Application to Proceed In Forma Pauperis. (Docket No. 1.) Plaintiff seeks in forma pauperis (IFP) status in order to proceed with his civil rights lawsuit without paying the required $400 filing fee. As discussed below, because Plaintiff has failed to show that he is unable to pay the filing feel, the undersigned recommends that his IFP application be denied.

### I. DISCUSSION

As noted, Plaintiff seeks to file a complaint against multiple defendants, including the Drug Enforcement Agency and the Hidalgo County District Attorney's office. (Docket No. 1-1, at 2-3.) Plaintiff asserts that because he "used drugs for [a] short period of time," local law enforcement agencies have been surveilling him "since 8-15-17." (*Id.* at 6.) Plaintiff alleges that this ongoing surveillance "has left [him] with permanent damage" to his skin, heart, head, ears, and eyes." (*Id.*) He also alleges that the surveillance amounts to "extreme torture" and he seeks

for the surveillance to "cease immediately." (*Id.*) In addition, Plaintiff requests that as damages each Defendant pay him a large sum of money, totaling approximately $3.5 million dollars. (*Id.*)

To qualify to proceed without paying the filing fee, an applicant must show that he is financially "unable to pay such fees." 28 U.S.C. § 1915(a). The applicant need not "be absolutely destitute," but rather he must demonstrate by affidavit that because of his poverty, he cannot "pay or give security for the costs . . . and still be able to provide himself and his dependents with the necessities of life." *Adkins v. DuPont Co.*, 335 U.S. 331, 339 (1948). In actions for civil damages, like Petitioner's case, IFP applications are to be granted more sparingly. *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975) (superseded on other grounds) ("[I]n civil cases for damages . . . the courts should grant the privilege sparingly.").

Considering Plaintiff's financial affidavit in light of this standard, he has failed to show that he is unable to pay the filing fee. In his pending "Application to Proceed in District Court Without Prepaying Fees or Costs," Plaintiff asserts that he is currently employed at "Teleperformance – United Healthcare." (Docket No. 1, at 1.) According to Plaintiff, he earns "$800-850" in gross wages, and is paid bi-weekly, which amounts to approximately $17,400/yearly. (*Id.* at 1, 3.) As his application and included affidavit make clear, Plaintiff is gainfully employed. Although he has regular monthly expenses and substantial debt, his self-reported gross income of $17,400 is above the federal poverty level. *See Braxton v. Takata Corp.*, No. 18-cv-712, 2018 WL 3147949, at *2 (W.D. La. June 4, 2018) (recommending denial of IFP where the Plaintiff had a total monthly income of $2,230, based on Social Security and retirement benefits), *report and recommendation adopted*, 2018 WL 3131033 (W.D. La. June 26, 2018); *Duru v. Schreiner*, No. 14-cv-3653, 2014 WL 12580490, at *1 (N.D. Tex. Nov. 7, 2014)

(noting that disability benefits are regularly taken into consideration and recommending denial of IFP where the plaintiff received $1,846/month in benefits), *report and recommendation adopted*, No. 3:14-CV-3653-L, 2014 WL 12580491 (N.D. Tex. Dec. 3, 2014).

In addition, Section 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Here, the District Court might be justified in dismissing Plaintiff's action with prejudice in light of his regular monthly income. However, in the interest of justice, it is recommended that Plaintiff's IFP application be denied without prejudice and that he be given an additional thirty (30) days with which to pay the $400 filing fee.

## II. CONCLUSION

For the foregoing reasons, the undersigned recommends that Plaintiff's Application to Proceed In Forma Pauperis (Docket No. 1) be DENIED. It is further recommended that Plaintiff be given an additional thirty (30) days to pay the required $400 filing fee.

## NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on July 16, 2020.

                                                Peter E. Ormsby
                                      United States Magistrate Judge